**Robert L. LUCKETT, Petitioner–Appellant,**

v.

**Lawrence KELLY, Superintendent, Respondent–Appellee.**

No. 05–60318

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 31, 2007.

Robert L. Luckett, Pearl, MS, pro se.

Jo Anne McFarland McLeod, Michael Cameron Moore, Attorney General, Paula Henderson Broome, Office of the Attorney General for the State of Mississippi, Jackson, MS, for Respondent–Appellee.

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM: [*]

Robert L. Luckett, Mississippi prisoner # R8311, was granted a certificate of appealability (COA) on the issue whether he had established a denial of due process arising from his allegations of police extortion. The parties were also ordered to brief whether the claim was procedurally defaulted because Luckett failed to exhaust his state remedies and, if so, whether Luckett could establish a ground for excusing the default. Luckett argues that he is entitled to relief on the merits of his extortion claim. To the extent that Luckett attempts to argue other issues upon which COA was not granted, we lack the authority to review them. *See Lackey v. Johnson,* 116 F.3d 149, 151–52 (5th Cir. 1997).

Luckett has not shown that he exhausted his extortion claim in the state courts, and the claim is thus procedurally defaulted. *See Emery v. Johnson,* 139 F.3d 191, 195 (5th Cir.1997). Although he alleges that he advised his trial and appellate attorneys of the extortion and they failed to investigate or raise the claim on his behalf, Luckett has not established cause to overcome the procedural default. *See Murray v. Carrier,* 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Additionally, Luckett has not established a fundamental miscarriage of justice sufficient to overcome the procedural default. *See Smith v. Johnson,* 216 F.3d 521, 524 (5th Cir.2000); *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir.1999). Consequently, the judgment of the district court denying Luckett's 28 U.S.C. § 2254 petition is AFFIRMED.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.